Zobel, J.
I make the following findings by a preponderance of the credible evidence and the reasonable inferences drawn therefrom. These findings, pursuant to the mandate of the Supreme Judicial Court, supplement earlier findings in this matter [3 Mass. L. Rptr. 278]. To the extent that any finding herein conflicts with any earlier finding, the later finding is to be deemed as having superseded the initial one.
1. Utica Mutual Insurance Company (“Utica”) should have settled Plaintiffs claim for its policy limits, $250,000, no later than February 23, 1992.
2. Upon Utica’s offering its full policy, Merrimack Mutual Insurance Company (“Merrimack”), the excess insurance carrier, should reasonably have known that further payment, by Merrimack, was not only likely, but highly probable. In making this finding, I have in mind that Utica kept Merrimack fully informed as to the progress of Utica’s investigation and freely shared with Merrimack all information (medical, financial, and investigative) pertaining to Plaintiffs claim.
3. Given the extent of Plaintiffs injuries, the strength of Plaintiffs case with respect to liability, and Plaintiffs special damages, Merrimack should reasonably have anticipated paying a substantial additional amount.
4. Nonetheless, the seriousness of the case from a claims standpoint justified Merrimack in holding off negotiations until it could undertake reasonable further investigation to assure itself of the facts.
5. The evidence permits the inference, which I draw, and the finding, which I make, that Merrimack would have conducted this additional investigation.
6. Once the investigation was complete, however, Merrimack, as a reasonable carrier, would then have been obliged to engage in serious, intensive settlement negotiations.
7. The evidence permits the inference, which I draw, and the finding, which I make, that if by February 23, 1992 Utica had agreed to settle (see Finding 1, supra), Merrimack would have been in position to initiate settlement discussions no later than June 17, 1992. In making this finding, I have in mind that this was the date by which Utica reached the conclusion (which, of course, I have found to have been unjustifiably delayed, see Finding 1, supra; Original Finding 36) that Utica should offer its full policy. Thus the supplemental investigation which I have found (Finding 4, supra) Merrimack might reasonably have undertaken would properly have delayed Merrimack’s settlement discussions until June 17, 1992.
8. Plaintiff would have been willing to undertake settlement negotiations with Merrimack on June 17, 1992.
9. The evidence permits the inference, which I draw, and the finding, which I make, that Plaintiff would have been willing to settle with Merrimack for an additional $425,000.
10. The evidence permits the inference, which I draw, and the finding, which I make, that from Merrimack’s standpoint $425,000 was a fair reasonable settlement.
11. The evidence permits the inference, which I draw, and the finding, which I make, that Merrimack would have been willing to pay Plaintiff the additional $425,000, and that the parties would have reached agreement, at this figure, no later than June 17, 1992.
12. The evidence permits the inference, which I draw, and the finding, which I make, that Plaintiffs claim would therefore have settled at the total amount of $675,000 no later than June 17, 1992.
13. The evidence permits the inference, which I draw, and the finding, which I make, that the $675,000 would have been available to Plaintiff no later than August 9, 1992, 35 days after June 17, 1992. In making this finding, I have in mind that when the case actually settled, the interval between settlement and payment totalled 35 days (May 26, 1994 to June 30, 1994).
14. Finalization of the settlement necessarily required an agreement from both Utica and Merrimack. That is, Plaintiff would not end the litigation until both insurers committed to payment.
15. This meant that notwithstanding Merrimack’s promptness in paying, Utica’s delay caused Plaintiff to lose the use of the settlement funds from August 9, *263 1992 to June 30, 1994, a total of 790 days (or 22 months and 21 days).
CONCLUSIONS OF LAW
1. Utica’s unfair and deceptive practices having deprived Plaintiff of the use of the settlement funds for 22 months and 21 days, the loss to Plaintiff at the annual rate of 12 percent is $153,225.
2. Plaintiff is entitled to treble damages (see prior Conclusions of Law), namely, $459,675.
3. Plaintiff is entitled to reasonable attorneys fees and costs, pursuant to G.L.c. 93A, §9(4), together with interest, at the annual rate of 12 percent, on the damages (not trebled).
ORDER
Accordingly, it is Ordered, that Judgment enter forthwith in accordance with these Findings of fact and Conclusions of Law.